36735. PEEPLES *v.* WESTERN FIRE INSURANCE COMPANY.

DECIDED JUNE 11, 1957.

*W. A. Wraggs,* for plaintiff in error.

*Chas. L. Gowen, Chris B. Conyers,* contra.

QUILLIAN, J. ■ "Where it is stipulated in a policy of fire insurance that no action thereon shall be sustainable against the insurance company unless commenced within twelve months next after the occurrence of the loss, an action brought after the lapse of that period is barred." *Woodall* v. *Hartford Fire Ins. Co.,*

33 Ga. App. 694 (128 S. E. 69). Such a petition should be dismissed on general demurrer and it is not necessary for the defendant to expressly set up a reliance on the statute of limitations. Woodall v. Hartford Fire Ins. Co., supra.

■ The petition alleged that the plaintiff and the defendant's agent made an oral agreement that an appraisal would be made, one appraiser to be appointed by each party and a third to be appointed by the appraisers selected by the parties. The petition further alleged that the defendant's agent agreed to appoint an appraiser and then notify the plaintiff who would in turn appoint an appraiser; that the defendant's agent never informed the defendant whether he had appointed an appraiser nor informed him of any time to meet with the plaintiff's appraiser.

The agreement to have an appraisal made operated to toll the period of limitations stipulated in the contract. Therefore, the period of limitations did not run during the period the agreement for an appraisal was pending. Insurance Co. of North America v. Folds, 42 Ga. App. 306 (155 S. E. 782); Insurance Co. of North America v. Folds, 35 Ga. App. 720, 721 (3) (135 S. E. 107); National Union Fire Ins. Co. v. Ozburn, 57 Ga. App. 90 (194 S. E. 756); Globe & Rutgers Fire Ins. Co. v. Jewell-Loudermilk Co., 36 Ga. App. 538 (1) (137 S. E. 286).

The petition does not disclose the length of time the agreement was pending; therefore, it does not show on its face that the suit was filed after the time specified in the contract and a general demurrer will not lie.

■ The petition alleged that the defendant issued a policy of insurance to the plaintiff the face value of which was $2,500, that the property covered by the policy was totally destroyed, and prayed recovery in the amount of the face value of the policy. The petition alleged that the property was covered by the policy and that it was destroyed showing that the plaintiff was entitled to a recovery in some amount.

Conceding that the petition claimed recovery of the wrong amount under the facts pleaded, that is, sought recovery under the wrong measure of damages, the defect simply opened the petition to special demurrer. A general demurrer does not reach a failure to allege the proper measure of damages. Daniell v.

*McGuire,* 87 *Ga. App.* 491 (74 S. E. 2d 378); *Hoffman* v. *Louis L. Battey Post, etc., American Legion,* 74 *Ga. App.* 403 (5) (39 S. E. 2d 889); *Zittrour* v. *Zittrour,* 43 *Ga. App.* 262 (158 S. E. 437); *Murphy* v. *Holman,* 179 *Ga.* 329 (3) (176 S. E. 5).

■ There were no final rulings made as to the special demurrers so as to present a question for determination by this court.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*