## 37089. GENERAL INSURANCE COMPANY OF AMERICA v. LEE CHOCOLATE COMPANY.

DECIDED APRIL 21, 1958—REHEARING DENIED MAY 7, 1958.

*A. Paul Cadenhead, Nall, Sterne, Miller, Cadenhead & Dennis,* for plaintiff in error.

*Stonewall H. Dyer, Victor K. Meador,* contra.

FELTON, Chief Judge. The policy contained a provision providing that no suit or action on the policy for the recovery of any claim could be maintained unless commenced within twelve months next after inception of the loss. The loss occurred on July 23, 1955. The suit on the policy was filed on August 9, 1956, more than one year after the loss. Such a provision in a policy is valid and binding on the parties thereto (*Melson* v. *Phoenix Ins. Co. of Brooklyn,* 97 *Ga.* 722, 25 S. E. 189; *Gallivitoch* v. *Provident Life &c. Ins. Co.,* 26 *Ga. App.* 385, 106 S. E. 319), and is a condition precedent to a recovery on the policy. *Graham* v. *Niagara Fire Ins. Co.,* 106 *Ga.* 840 (1) (32 S. E. 579). However, such a limitation may be waived by the insurer by conduct which would reasonably lead the insured to believe that a strict compliance with the limitation provision would not be insisted upon and which would estop the insurer from setting up the limitation as a bar. The defendant in error claims such a

waiver in this case but we cannot agree with it that the insurer in the instant case waived the one-year limitation or conducted itself so as to be estopped from asserting such limitation as a bar to the action. As stated above the loss claimed under the policy occurred on July 23, 1955, and was reported to the insurer within two or three days thereafter. The insurer investigated the claim and according to its evidence denied the claim shortly thereafter. At the request of the insurer's selling agent the matter of the claim was reopened and according to the defendant insurer's evidence the claim was finally denied on or about August 20, 1955. The plaintiff's agents testified that the plaintiff was never notified that the claim had been denied. The plaintiff's treasurer last communicated with the defendant concerning the claim in late 1955 or early 1956. The president of the plaintiff insured turned the matter over to his attorney in February, 1956, and did not communicate with the defendant after that date. On March 6, 1956, the plaintiff's attorney wrote a letter to the defendant concerning the claim and received no reply thereto and the letter was not acknowledged by the defendant. These facts do not show that the defendant waived the one-year limitation contained in the policy or that the defendant by such action reasonably led the plaintiff to believe that strict compliance with such limitation would not be insisted upon. The evidence does not show any negotiation between the parties regarding the claim after the early part of 1956 and the letter of the plaintiff's attorney of March 6, 1956, which was not acknowledged by the defendant, did not have the effect of keeping any negotiation between the parties alive. The cases relied upon by the defendant in error are distinguishable from the instant case. In *American Ins. Co.* v. *McVickers Bros.*, 135 *Ga.* 118 (68 S. E. 1026), the general counsel and secretary of the insurer caused the insured to delay the filing of his suit and misled the insured concerning the limitation provision. In *Knights of the Ku Klux Klan* v. *Fidelity &c. Co. of Maryland,* 47 *Ga. App.* 12 (169 S. E. 514), the insurer continued negotiations with the insured with a view toward settlement of the claim past the deadline for filing a suit under the limitation provision of the policy. In *American Surety Co.* v. *Peoples Bank,* 55 *Ga. App.*

28 (189 S. E. 414), the insurer led the insured to believe that the claim would be paid without suit if the insured would first bring suit against a third party for a recovery of the loss. In *National Union Fire Ins. Co.* v. *Ozburn,* 57 *Ga. App.* 90 (194 S. E. 756) the question involved was the tolling of the limitation set by the policy during the pendency of an appraisal being held under the terms of the policy. Such is not the present case. In *Prudential Ins. Co. of America* v. *Calloway,* 54 *Ga. App.* 863 (189 S. E. 545) there was no limitation provision contained in the policy and the question presented was when the statutory limitation of actions began to run.

The defendant in error further contends that the one-year limitation began to run in the instant case when the defendant insurer finally denied the claim on or about August 20, 1955. This contention is without merit. The contract between the parties clearly states that such one-year limitation began to run from the date of the loss.

Since the action was not brought within one year next after the date of the loss and since the evidence does not show that the company waived the one-year limitation provision in the policy or that it was estopped to insist thereon, a verdict was demanded for the defendant and the court erred in denying its motion for a judgment notwithstanding the verdict.

*Judgment reversed with direction that the trial judge enter a verdict in accordance with the motion for a judgment notwithstanding the verdict. Quillian and Nichols, JJ., concur.*