## 53126. LOONEY v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

SMITH, Judge.

Appellant Looney was insured against hail damage to his crops by appellee insurer Georgia Farm Bureau Mutual Insurance Company. In June of 1971 he notified the insurer of a claim for such damages to his crops on 540 acres allegedly occurring on June 13, 1971. Subsequently thereto, appellant's attorney (not the attorney representing him in the action or the appeal) and W. W. Tanner, the crops and fields supervisor of the insured,

began negotiations which continued until March 15, 1974, at which time the insurer denied liability by a letter of that date. The present action was brought to recover the damage on May 19, 1975. The insurer answered denying the amount of damages claimed and additionally defended on grounds no proof of loss was filed within 60 days of the loss as required by the policy, and that the action brought was not within the 12 months limitation contracted for in the policy. The defendant moved for summary judgment and the trial judge held that a waiver had occurred as to filing proofs of loss but granted the motion on the grounds that the appellant was too late in filing his action to recover on the policy. *Held:*

Assuming, without deciding, that the contractual limitation of 12 months for the bringing of an action was tolled during the entire period of negotiations, the tolling ceased upon the denial of liability on March 15, 1974, and the limitations period began to run. See *Peeples v. Western Fire Ins. Co.,* 96 Ga. App. 39 (2) (99 SE2d 349), and citations therein. It follows, therefore, that the action brought on May 19, 1975 was not brought within the period of limitations contracted for.

Appellant contends that those cases relating to incidental and nonessential parts of the contract of insurance such as requirements of notice of claim and the filing of proof of loss and which hold that where a waiver of such a provision takes place, the provision cannot be resurrected once waived, should by parity of reasoning be applied to the present case, and that a filing of the suit within the statutory period of six years was sufficient. Appellant relies upon the following Georgia cases: *Firemen's Ins. Co. v. Blount,* 52 Ga. App. 223 (183 SE 111); *Sentinel Fire Ins. Co. v. McRoberts,* 50 Ga. App. 732 (179 SE 256); *Aetna Ins. Co. v. Mosely,* 47 Ga. App. 25, 34 (169 SE 695); *Norfolk &c. Fire Ins. Co. v. Cumbaa,* 128 Ga. App. 196, 198 (196 SE2d 167). It appears however that the Georgia courts have followed the rule of permitting the "waiver" to merely toll the time for filing the action rather than waiving entirely the contractual requirements as to the time of filing the suit. In the case of *Firemen's Ins. Co. v. Blount,* 52 Ga. App. 223 (4), supra, it was held that the submission of the amount of damages to

arbitration was a waiver of filing of proofs of loss and that the requirement of the filing of proofs of loss could not thereafter be resurrected; however, in *Peeples v. Western Fire Ins. Co.*, 96 Ga. App. 39 (2), supra, and the citations therein, where similar actions as to arbitration were involved the court ruled that the period of contract limitations was merely tolled, and applied the same rule as generally applicable to a statute of limitation.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED JANUARY 17, 1977 — DECIDED FEBRUARY 10, 1977.

*C. Ronald Patton*, for appellant.

*Fletcher, Watson & Dana, Dennis D. Watson*, for appellee.