### 53607. JOHNSON v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

McMURRAY, Judge.

This case involves a fire loss claim against the insurer. A fire occurred in the insured's dwelling on December 22, 1974. The fire started in the furnace area and caused considerable smoke damage coming from the air vents and ductwork into the house. The local agent was immediately contacted, and an adjuster arrived thereafter within a few days. The heating system was repaired and was paid for by funds of the insurer. However, the adjuster and the insured were unable to reach an agreement as to the other damages, and following the initial visit there was correspondence and oral communication during the year in February, March, April, July, September and until sometime in October of 1975. On March 24, 1976 (some 15 months after the loss), the insured as plaintiff sued Georgia Farm Bureau Mutual Insurance Company seeking damages in the amount of $6,500 and $1,600 in bad faith, and also reasonable attorney fees. After amendment plaintiff sought the damages in the amount of $6,500 only.

The defendant answered, generally denying the claim, and two of its defenses were based on the failure of the insured to submit a written proof of loss or to file suit within 12 months next after inception of the loss, both of

which were alleged to be violations of policy provisions.

The case proceeded to trial, and after plaintiff rested his case counsel for defendant moved for directed verdict based upon the lack of evidence as to a sworn proof of loss being filed within 60 days of the loss pursuant to the policy of insurance and on the ground that the policy provisions required that any suit on the policy must be commenced within 12 months next after inception of the loss. The court directed the verdict for the defendant, and judgment was then entered for the defendant. Plaintiff appeals. *Held:*

1. Counsel for plaintiff does not contend that a written proof of loss was ever submitted within 60 days after the loss. He contends that the defendant by its own acts of continuously negotiating a settlement (here having the furnace repaired and otherwise making efforts to have the plaintiff accept the insurer's cleaning company as to the drapes, etc.) through a time period within which the insured must file a sworn proof of loss there was a waiver by conduct inconsistent with an intention to enforce a strict compliance with the condition by which the insured was led to believe that the insurer did not intend to require any proof of loss. See in this connection *Corporation of Royal Exchange Assur. v. Franklin,* 158 Ga. 644 (3), 654 (124 SE 172); *New York Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922, 926 (115 SE2d 474); *Aetna Ins. Co. v. Mosely,* 47 Ga. App. 25, 34 (169 SE 695). The method of negotiating a settlement by the defendant here was sufficient to show a waiver of the requirement of a written proof of loss.

2. However, the contract of insurance provided that suit must be commenced within 12 months next after inception of the loss. Such a provision in the policy has been held to be firm and binding on numerous occasions by this court and no less so than in the recent case of *Queen Tufting Co. v. Fireman's Fund Ins. Co.,* 141 Ga. App. 792, citing such cases as *Darnell v. Fireman's Fund Ins. Co.,* 115 Ga. App. 367 (154 SE2d 741); *Melson v. Phenix Ins. Co.,* 97 Ga. 722 (25 SE 189); *Yates v. Cotton States Mut. Ins. Co.,* 114 Ga. App. 360 (151 SE2d 523). In this instance the negotiations as to settlement were carried on from a period of a few days following the fire until October, 1975.

Thereafter, there is no evidence of continued effort to negotiate in any manner. Thus the case is lacking in evidence of any affirmative promise, statement or other act of the defendant or any evidence of actual or constructive fraud to lead the plaintiff into believing that the defendant intended to enlarge on the limitation period contained in the contract as to the time in which plaintiff had to file suit. This case differs on its facts from that of *Employers Ins. of Wausau v. Nolen,* 137 Ga. App. 205, 207 (223 SE2d 250), wherein there was an affirmative assurance to the claimant that his claim would not be adversely affected by a delay. The case of *Gibraltar Fire &c. Ins. Co. v. Lanier,* 64 Ga. App. 269 (2) (13 SE2d 27) is controlling here where no fraud has been perpetrated to induce the plaintiff to delay the bringing of the suit.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED MARCH 1, 1977 — DECIDED APRIL 6, 1977.

*Gene Burkett,* for appellant.

*Groover & Childs, Denmark Groover, Jr.,* for appellee.