### 54846. DRAUGHN et al. v. UNITED STATES FIDELITY & GUARANTY COMPANY et al.

SHULMAN, Judge.

Plaintiffs-appellants brought suit to recover $12,730 allegedly owing under separate fire and extended coverage insurance policies issued by appellee Ranger Insurance Company (Ranger) and appellee United States Fidelity and Guaranty Company (USF&G). In the alternative, appellants sought damages against an independent insurance agency for negligently failing to procure adequate insurance coverage. Ranger and USF&G each moved for summary judgment on the grounds that plaintiffs' action was barred by failure to file suit within the contract limitation period of twelve months. This appeal follows the grant of those motions.

1. The alleged loss occurred on August 6, 1975. It is undisputed that plaintiffs filed suit on November 3, 1976,

almost fifteen months later. The sole issue presented in this appeal is whether there exists a fact question concerning waiver of the time limitation, i.e., whether the insurance companies "knowingly lulled [plaintiffs] into a false sense of security and the belief that [their] claim would be settled without the necessity of filing suit." *Nee v. State Farm Fire &c. Co.,* 142 Ga. App. 744, 745 (236 SE2d 880).

A. Appellants submit that the failure of allegedly authorized agents of Ranger (i.e., the independent insurance agency) to respond to letters dated June 5, 1976 and July 9, 1976 from appellants' attorney requesting verification of policy numbers, the amount of insurance in effect at the time of loss, and names of claims department personnel to contact, and various letters from Ranger's counsel raised material fact questions about waiver which made the grant of summary judgment improper.

In a letter dated July 22, 1976, inquiring as to the status of the claim, appellants' counsel stated, "[Plaintiff] has asked that we file a suit in his behalf but I wanted to have a report from you before taking this step." By letter dated July 28, 1976, Ranger denied coverage. On August 3, 1976, in a letter to Ranger, appellants' counsel acknowledged this rejection and stated, "We will, of course, file suit in our client's behalf." In a letter of August 31, 1976, Ranger's counsel informed appellant that "indications are that the claim must be denied." Again by letter dated September 7, 1976, Ranger's counsel informed plaintiff that "While we might be able to settle the matter, I did not want you to delay filing suit on that premise." Ranger at no time admitted liability under the policy. In fact, in the letter dated July 28, 1976, Ranger outrightly rejected plaintiffs' claim.

This evidence is not sufficient for plaintiffs' claim to survive a motion for summary judgment. Even construing the evidence most favorably for the insured, as we must, "the case is lacking in evidence of any affirmative promise, statement or other act of the defendant or any evidence of actual or constructive fraud to lead the plaintiff into believing that the defendant intended to enlarge on the limitation period contained in the contract as to the time in which plaintiff had to file suit." *Johnson*

*v. Ga. Farm Bureau Mut. Ins. Co.,* 141 Ga. App. 859, 861 (234 SE2d 693).

The failure of the alleged authorized agent to respond to appellants' counsel's letter is not sufficient, by itself, to constitute a waiver. *General Ins. Co. of America v. Lee Chocolate Co.,* 97 Ga. App. 588, 589 (103 SE2d 632).

B. Granting summary judgment in favor of appellee USF&G for appellants' failure to bring suit within the contractual time limitation period was also proper. Appellants' complaint and uncontradicted depositions stated that alleged authorized representatives of USF&G indicated USF&G's willingness to pay its pro rata share of appellants' claimed loss if Ranger would also pay. Appellant's further asserted that no suit was filed against USF&G in reliance on that representation.

Even construing the evidence most strongly in favor of appellants who are opposing the motion for summary judgment (*Boston Ins. Co. v. Barnes,* 120 Ga. App. 585, 589 (171 SE2d 626)), at best only a conditional admission of liability is alleged, i.e., that filing suit against USF&G for the amount of USF&G's pro rata share would not be necessary only so long as Ranger would voluntarily pay its share or so long as appellants' claim against Ranger was pursued to judgment. Appellants' failure to file suit within the contractual time limitation period without legal excuse forecloses Ranger's contractual liability. (See Division 1A, supra.) Reasonable reliance on USF&G's alleged authorized agents' representation ended when plaintiff, without legal excuse, failed to diligently pursue his contractual rights against Ranger. Since Ranger's conduct falls short of waiver or estoppel as a matter of law, USF&G's statement which was conditioned on Ranger's actions cannot serve as a waiver or an estoppel.

C. This is not a situation where (1) an insured party refrains from filing suit within a contractual time limitation period against an insurer that indicates a willingness to pay its pro rata share and (2) the insured later exacts payment from or pursues its claim to judgment against the other insurer and (3) after such payment or judgment, the insurer originally willing to settle seeks to avoid liability under a contractual time

limitation clause. Thus, we need not decide whether the above mentioned statement of allegedly authorized representatives of an insurer is sufficient to constitute a waiver under those circumstances.

2. Appellants contend that summary judgment was not appropriate because the trial court failed to decide whether the time limitation clause was unconscionable. The judge properly held such clauses are valid. *Queen Tufting Co. v. Fireman's Fund Ins. Co.*, 141 Ga. App. 792 (234 SE2d 354) (holding affirmed at 239 Ga. 843 (239 SE2d 27)).

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

ARGUED NOVEMBER 8, 1977 — DECIDED DECEMBER 5, 1977.

*Quick & Purcell, Nicholas W. Quick,* for appellants.
*Karsman & Brooks, Stanley Karsman, Timothy F. Callaway, III, Callaway & Hallman, Ronald W. Hallman, Franklin & Roach, James B. Franklin,* for appellees.