## 55351. RESERVE INSURANCE COMPANY v. SMITH.

BANKE, Judge.

The appellee, William Warren Smith, won a jury verdict against the appellant, Reserve Insurance Company, for damages arising out of the loss of his mobile home by fire. He was also awarded attorney fees and a bad faith penalty. The appellant appeals the denial of its motion for new trial.

The appellee's trailer was burned by two arsonists (both of whom subsequently died because of severe burns sustained at the scene of the fire) on August 19, 1975. They claimed to have been acting under instructions from the appellee. The appellee was arrested and charged with arson on August 19, but notified his insurance agent of the loss before being arrested. The agent testified that after obtaining the necessary information from the appellee, he forwarded a standard first report of loss to the appellant. The appellee was released from custody on or about September 18, 1975. After checking with representatives of the appellant repeatedly, he was informed that his claim would not be processed until a judgment was rendered in the criminal case.

The charges against appellee were dismissed on July 13, 1976, because of insufficient evidence. The appellee promptly notified the appellant of the dismissal; and on August 3, 1976, he was informed that his claim could not

be processed because he had not personally filed a proof of loss statement as required by his policy. Even though appellee had made regular inquiries about his claim over the preceding 12 months, neither his insurance agent nor any other representative of the appellant had ever informed him of the necessity of filing such a statement. However, he was now instructed by appellant's claims representative to file his statement in the form of a letter. Appellee wrote the letter bearing an August 18, 1976, date. Appellant's representative admitted receiving the letter. He also admitted writing a memo on August 3, 1976, which he placed in appellee's file, indicating that appellee's proof of loss would be rejected upon receipt.

On August 21, 1976, the representative informed appellee that no action could be taken on the claim until he received a report being prepared by his office outlining the disposition of the criminal charges against appellee. The report was received on August 24, 1976. On October 1, 1976, the appellant sent appellee a formal rejection of his proof of loss and stated that "no determination as to the disposition of this claim as of yet has been made." The appellee then filed suit against appellant, approximately 14-1/2 months after the fire. The jury awarded the appellee $8,600 in damages, a bad faith penalty of $860, and $1,000 in attorney fees. The appellant's motion for new trial was denied.

1. The appellant alleges that the trial court erred in overruling its motion for directed verdict because the facts showed that appellee did not file suit within 12 months after the date of the loss as required by the policy and because no waiver of the 12-month provision had been shown.

As this court's previous decisions have shown, an insurance company's waiver of the time required for the filing of a proof of loss statement does not necessarily imply a corresponding waiver of the time limit for filing suits against the insurer. See *Johnson v. Ga. Farm &c. Ins. Co.,* 141 Ga. App. 859 (234 SE2d 693) (1977). The appellant's argument here was that even if it were assumed arguendo that there was a waiver of proof of loss under the terms outlined in the policy, there was no evidence to show that they had also waived the 12-month

claims limitation. We disagree.

The appellee alleged waiver of the 12-month limitation in his complaint, and the evidence shows at no time prior to October 1, 1976 (almost 14 months after the loss) did the appellant unconditionally refuse to process the appellee's claim. The fact that the appellee knew before the limitation period expired that the appellant was preparing its own report on the disposition of the criminal charges against him does not require a contrary result since there was no suggestion that the report was anything other than routine or that the claim would probably be denied. Because the evidence authorized submission of the issue of implied waiver of the time limitation to the jury, the trial judge did not err in denying appellant's motion for directed verdict. "If the insurer never denied liability, but continually discussed the loss with its insured with a view toward negotiation and settlement without the intervention of a suit, whether or not this lulled the insured into a belief that the 12-month clause in the contract of insurance was waived by State Farm, became a question of fact, which, under the pleadings, was in dispute. Such a dispute as to intent properly is a matter to be submitted to a jury under appropriate instructions. [Cits.]" *Nee v. State Farm Fire &c. Co.,* 142 Ga. App. 744, 746 (236 SE2d 880) (1977).

2. The appellant contends that the trial judge erred in excluding the report of its adjustor dated August 20, 1976, as that report contained evidence concerning the criminal case against the appellee which would have benefitted it in rebutting the bad faith claim against it. The report was offered under Code § 38-302 as original evidence explaining conduct. The judge excluded the report because it was hearsay, contained opinions as to guilt or innocence and because certain words had been unduly emphasized by underscoring.

The appellant has failed to include a copy of the excluded report in the record, and for that reason we are unable to review this enumeration of error. See Rule 18 (c) (3) of the Court of Appeals; *International Brotherhood of Electrical Workers v. Briscoe,* 143 Ga. App. 417 (4) (239 SE2d 38) (1977). It seems unlikely, however, that appellant's defense to the bad faith charge was hindered

by the exclusion of this report inasmuch as the jury knew from other testimony that the appellee had been charged with arson and that the charges had not been dismissed until almost a year later.

3. The appellant also claims that the trial judge erred in refusing to charge the jury upon request that the burden of proof in a civil case is less strict than the burden of proof in a criminal case. The judge properly charged the jury that the "... plaintiff (appellee) must prove his right to [recover] by a preponderance or greater weight of the evidence." Had he given appellant's requested charge, he would have risked intimating to the jury what verdict was appropriate for them to reach.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED FEBRUARY 2, 1978 — DECIDED MAY 4, 1978.

*Henning, Chambers & Mabry, Charles M. Hayden, Jr.,* for appellant.

*Zachary & Segraves, William E. Zachary, Sr.,* for appellee.