Marvin P. FORRESTER

v.

AETNA CASUALTY AND SURETY COMPANY.

Civ. A. No. C79–102A.

United States District Court, N. D. Georgia, Atlanta Division.

Oct. 8, 1979.

Ronald L. Hilley, Atlanta, Ga., for plaintiff.

Meade Burns, J. M. Hudgins, IV, Long, Weinberg, Ansley & Wheeler, Atlanta, Ga., for defendant.

## ORDER

TIDWELL, District Judge.

Defendant in the above-styled matter has filed a motion for summary judgment, asserting that there is no genuine issue as to any material fact relative to Plaintiff's claim against Defendant and that Defendant is entitled to summary judgment as a matter of law. In deciding whether to grant summary judgment, the Court "must draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *United States Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975).

Defendant contends that Plaintiff's claim is barred because suit was not filed within one year of the date of the loss, in contravention of the insurance policy's provision that "[n]o action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the occurrence causing loss or damage." Defendant's Exhibit One. Plaintiff, while admitting that suit was not filed until approximately thirteen months after the loss occurred, contends that the issue of whether his claim is barred by the contractual provision is a question of fact.

In diversity cases, a federal court must apply state substantive law. *Erie Railroad Co.*

v. *Tomkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1944). Thus, in the present case, Georgia law is controlling with respect to the time period in which Plaintiff must have filed suit.

Numerous Georgia decisions have held that a provision in an insurance policy limiting the time to sue to twelve months after inception of the loss is valid and will bar an action brought after expiration of that time. *Herring v. Middle Georgia Mutual Insurance Co.*, 149 Ga.App. 585, 254 S.E.2d 904 (1979) and cits. However, such a limitation may be waived by the insurer by conduct which would reasonably lead the insured to believe that strict compliance with the limitation provision would not be insisted upon. *General Insurance Co. of America v. Lee Chocolate Co.*, 97 Ga.App. 588, 103 S.E.2d 632 (1958). Where suit has been delayed beyond the stipulated time on account of direct promises of the company to pay the claim, the action will not be barred. *Stanley v. Sterling Mutual Life Insurance Co.*, 12 Ga.App. 475, 77 S.E. 664 (1913). Similarly, in the absence of a direct promise to pay, if negotiations for a settlement have led the insured to believe that the claim would be paid by the insured without a suit, this will constitute a waiver of the time requirement. *Stanley, supra; accord, Knights of the Ku Klux Klan, Inc. v. Fidelity and Deposit Co.*, 47 Ga.App. 12, 169 S.E. 514 (1933).

More recently, in *Johnson v. Georgia Farm Bureau Mutual Insurance Co.*, 141 Ga.App. 859, 234 S.E.2d 693 (1977), such a contractual limitation was upheld as barring suit where negotiations were carried on for ten months after the loss occurred, but there was no evidence of continued effort to negotiate in any manner thereafter. As the court there stated, "[t]hus the case is lacking in evidence of any affirmative promise, statement or other act of the defendant or any evidence of actual or constructive fraud to lead the plaintiff into believing that the defendant intended to enlarge on the limitation period contained

in the contract as to the time in which plaintiff had to file suit." 141 Ga.App. at 861, 234 S.E.2d at 694.

However, in *Nee v. State Farm Fire & Casualty Co.,* 142 Ga.App. 744, 236 S.E.2d 880 (1977), the Georgia Court of Appeals reversed the trial court's grant of summary judgment in favor of the insurance company where suit was filed over fourteen months after the loss. The appellate court held that if the insurer never denied liability, but continually discussed the loss with the insured with a view toward negotiation and settlement without the intervention of a suit, it became a question of fact whether this indicated an intent to negotiate a settlement, thus impliedly waiving the contractual limitation. Such a dispute as to intent was properly a matter to be submitted to the jury under appropriate instructions.

The next two Georgia cases dealing with the issue presented fairly straightforward applications of the foregoing principles. In *Draughn v. United States Fidelity & Guaranty Co.,* 144 Ga.App. 272, 241 S.E.2d 52 (1977), summary judgment in favor of the defendant insurance companies was affirmed where plaintiff's claim had been outrightly rejected prior to the expiration of the twelve-month period. In *Lee v. Safeco Insurance Co.,* 144 Ga.App. 519, 241 S.E.2d 627 (1977), it was held that the twelve month limitation had been waived as to amounts that the insurance company had previously made an affirmative promise to pay.

The *Nee* standard was most recently applied in *Reserve Insurance Co. v. Smith,* 145 Ga.App. 850, 245 S.E.2d 66 (1978), where it was held that the issue of implied waiver of the time limitation was properly submitted to the jury. The court stressed that the insurance company did not unconditionally refuse to process the claim until almost fourteen months after the loss, and noted that the insured had made regular inquiries about his claim during the twelve month period.

Based on its examination of applicable Georgia law, this Court concludes that

summary judgment is inappropriate in this case. Drawing inferences most favorable to Plaintiff (*Darby, supra*), the Court finds that there exists a question of fact as to whether the conduct of Defendant constituted an implied waiver of the twelve month time limitation for filing suit. During the twelve month period, Defendant never notified Plaintiff that his claim was rejected, and there is evidence in Plaintiff's "Affidavit in Support of Plaintiff's Answer to Defendant's Motion for Summary Judgment", which, if accepted by a jury, would lead to the conclusion that there was a continuing effort on Plaintiff's part to pursue negotiations on the matter. The affidavit of Defendant's employee, Kenneth H. Mason, contradicts Plaintiff's allegations in this regard. This being the case, there exists a genuine issue as to a material fact, and summary judgment under Rule 56, Federal Rules of Civil Procedure, cannot be granted. Consequently, Defendant's Motion for Summary Judgment is hereby overruled and denied.