## DITTLER BROTHERS, INCORPORATED, Plaintiff,

v.

## ALLENDALE MUTUAL INSURANCE COMPANY, Factory Mutual Engineering Corporation and Factory Mutual Engineering Association, Defendants.

Civ. A. No. C79–1652A.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 17, 1981.

Eugene G. Partain, David C. Garrett, III, Gary G. Grindler and W. Gordon Hamlin, Jr., Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for plaintiff.

William H. Stanhope and A. James Anderson, Robins, Davis & Lyons, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This case is before the court on defendants' motion for summary judgment. Jurisdiction being predicated on 28 U.S.C.A. § 1332, diversity of citizenship, Georgia law applies.

The issue presented in defendants' summary judgment motion is whether plaintiff's action was timely filed. The policy provides: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." This provision is valid and enforceable in Georgia. *Herring v. Middle Georgia Mutual Insurance Co.*, 149 Ga.App. 585, 586, 254 S.E.2d 904 (1979). See also *Forrester v. Aetna Casualty*, 478 F.Supp. 42, 43 (N.D.Ga.1979).

Plaintiff's initial loss occurred on March 24, 1975, when a tornado hit its printing

plant. The defendants paid plaintiff $3,165,000.00 in insurance benefits for property damage and business interruption losses. Recognizing that all damages might not be immediately discoverable, defendants advised plaintiff that its insurance coverage would extend to later discovered damages caused by the tornado. In May or June 1977, plaintiff notified defendants of damage to certain parts of its Baker-Perkins printing press which they believed was caused by the tornado. The parties signed a non-waiver agreement and an investigation of the claim was conducted.

Defendants orally denied coverage of the printing press claim on December 14, 1977, and confirmed their denial of liability in a letter to plaintiff dated December 22, 1977. Seven months later on July 14, 1978, plaintiff asked defendants to attend a second meeting to discuss the loss. At that time plaintiff presented a new report in support of its claim that the damage to the printing press was a result of water damage sustained in the 1975 tornado. By letter of August 11, 1978, defendants again denied liability stating as follows: "Since [the July 14th meeting] we have again reviewed the matter with our consultant and also reviewed the data furnished by your company in support of your position. Our findings as outlined in earlier discussions have not changed .... We regret that we shall be unable to consider your claim as recoverable under the ... policy. In view of the above comments we plan no further adjustment activity." Nevertheless defendants attended a third meeting requested by plaintiff on September 11, 1978, but refused to change their position. On October 20, 1978, plaintiff summarized its position in a letter to defendants and indicated it was prepared to file suit if a reasonable settlement of the claim was not reached. Defendants denied its liability for a third time in a responsive letter to plaintiff dated November 10, 1978. Plaintiff's suit to recover repair costs and business interruption losses was filed on September 9, 1979.

■ Because defendants agreed to compensate plaintiff for later-discovered losses caused by the tornado, plaintiff's suit is not automatically barred for having been filed more than 12 months after "inception of the loss" on March 24, 1975. Rather, this case is controlled by the Court of Appeals decision in *Looney v. Georgia Farm Bureau*, 141 Ga.App. 266, 233 S.E.2d 248 (1977). The court held there that an insurance company's waiver of the limitation period during the period of negotiations does not result in a permanent waiver of the limitations period. Rather, the tolling of the limitations period ceases upon the insurer's denial of liability and the limitations period begins to run from that date. *Id.* at 267, 233 S.E.2d 248.

■ As stated above, the defendants first denied liability orally on December 14, 1977, and in writing on December 22, 1977. Plaintiff acknowledged these events in its complaint as well as in the depositions of its officers. Under the ruling in *Looney*, the twelve month suit limitations period began to run at this time. Nevertheless, despite the defendants' subsequent restatements of their denial of liability, twice orally and twice in writing, and plaintiff's letter indicating it would consider filing suit, all of which occurred prior to expiration of the 12-month period in December 1978, plaintiff failed to file suit until September 8, 1979. This was eight months after the limitations period had expired. Accordingly, this court finds that plaintiff's suit to recover its loss discovered in 1977 was not timely filed and is barred by the limitations provision contained in the policy. *Id.* at 267, 233 S.E.2d 248.

■ The Court of Appeals decision in *Draughn v. United States Fidelity & Guaranty Co.*, 144 Ga.App. 272, 241 S.E.2d 52 (1977) confirms that the defendants' willingness to meet with plaintiff and consider its new evidence following its denial of liability in December 1977 does not per se require a different ruling. In *Draughn* the insurer denied liability nine days before expiration of the twelve-months suit limitation period. Three days before the time period expired, the insured's attorney notified the insurer that he would be filing suit

on behalf of the insurer. As revealed by a number of letters written by the insurer's counsel, discussions relevant to the claim occurred between the parties after expiration of the twelve-months period. Nevertheless, the court found that the plaintiff's suit, filed three months after expiration of the limitations period, was barred since throughout the discussions the insurer had continued to deny liability. *Id.* 144 Ga.App. at 273–274, 241 S.E.2d 52.

Furthermore, in order to extend the limitations period following an express denial of liability, plaintiff's evidence must show an "affirmative promise, statement or other act of the defendant or any evidence of actual or constructive fraud" which led the plaintiff into believing that the defendants intended to enlarge the limitations contained in the contract as to the time when suit must be filed. *Johnson v. Georgia Farm Bureau Mutual Insurance Co.*, 141 Ga.App. 859, 861, 234 S.E.2d 693 (1977). Viewed most favorably to plaintiff, plaintiff's evidence as to the technical deficiencies in the procedures and findings of defendants' consultant investigating the loss and its contentions as to the defendants' pervasive bad faith are insufficient to establish any basis for estoppel or evidence of waiver on behalf of the defendants so as to enlarge the limitations period. *See Draughn v. United States Fidelity & Guaranty Co.*, 144 Ga.App. at 274, 241 S.E.2d 52; *General Ins. Co. of America v. Lee Chocolate Co.*, 97 Ga.App. 588, 589, 103 S.E.2d 632 (1958).

For the reasons stated above, defendants' motion for summary judgment is GRANTED. Our ruling on this motion renders moot plaintiff's discovery motions and motion to amend complaint.

So ORDERED.