Herbert C. BROADFOOT, II, Trustee in Bankruptcy of Ace Contracting Company, Plaintiff,

v.

**RELIANCE INSURANCE COMPANY, Defendant.**

**Civ. A. No. C83–404A.**

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 24, 1984.

---

A.L. Mullins, Jr., Atlanta, Ga., for plaintiff.

John D. Jones, Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

This is an action on an insurance contract. Plaintiff[1] alleges breach of contract in count one, bad faith in count two, and fraud in count three. Defendant Reliance Insurance Company has brought a renewed motion for summary judgment on the ground that suit was not commenced within twelve months of discovery of the loss, as required in the contract.

Ace Contracting Company, insured by Reliance under policy M1 41 90 90, suffered a loss during the period between January 12 and January 16, 1982, and had knowledge of the loss by January 19, 1982. After Ace filed a claim for the loss, Reliance investigated the claim; on June 3, 1982 Reliance denied that the claim was covered under the policy. On March 2, 1983, Ace filed its original complaint against Reliance for the loss.

Policy M1 41 90 90 includes, among other provisions, the following condition:

7. *Suit.* No suit, action or proceeding for the recovery of any claim under this Policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim....

Reliance seeks summary judgment because Ace did not institute suit within twelve months of January 19, 1982. Plaintiff contends that the time limitation on suit was waived and that any limitation period was tolled until Reliance denied the claim.

---

1. Ace Contracting Company instituted this action but was replaced as plaintiff by its trustee in bankruptcy.

Plaintiff relies chiefly upon *Nicholson v. Nationwide Mutual Fire Insurance Co.,* 517 F.Supp. 1046 (N.D.Ga.1981), in his contentions about tolling. The court in *Nicholson* found no Georgia cases on point on the issue of tolling; it then proceeded to draw upon decisions of other states in concluding that a Georgia court would hold that a contractual limitation period is tolled between the insured's notice of loss and the insurer's formal denial of liability. 517 F.Supp. at 1051.

The Georgia Court of Appeals, in *General Insurance Co. of America v. Lee Chocolate Co.,* 97 Ga.App. 588, 590, 103 S.E.2d 632 (1958), flatly rejected an argument that the contractual limitation period ran from the insurer's final denial of the claim. The court relied instead on the clear statement of the contract that the one-year limitation began to run from the date of the loss. *Id.*

In *Modern Carpet Industries, Inc. v. Factory Insurance Association,* 125 Ga. App. 150, 186 S.E.2d 586 (1971), the Georgia Court of Appeals upheld the dismissal of an action on the basis of a contractual limitation. The limitation clause required an action on the policy to be filed within a period of twelve months following the inception of the loss. The insurer accepted a late proof of loss, and it denied the claim 5½ months later; the insured filed suit 11 months after denial. The court noted that "there was a final denial well within the period and absolutely no evidence or explanation from plaintiff as to why it waited another 11 months to bring suit." 125 Ga.App. at 151, 186 S.E.2d 586. By upholding the dismissal, the court negated any rule that the contractual limitation begins to run from the date of the denial of coverage.

Likewise, in *Pennsylvania Millers Mutual Insurance Co. v. Thomas Milling Co.,* 137 Ga.App. 430, 431, 224 S.E.2d 55 (1976), the court stated:

> Where parties make by agreement a fixed and unqualified limitation that no suit or action on the policy shall be sustainable unless commenced within 12 months next after the incident giving rise to the claim, statutory limitations do not apply and the parties are bound to their contract as written. Under such a stipulation and limitation, the time is computed to begin from the date the incident occurred, and not from the accrual of the right of action under other stipulations of the policy.

Even though later decisions of the court of appeals seem to leave the question open, *see e.g., Holland v. Independent Fire Insurance Co.,* 168 Ga.App. 761, 762, 310 S.E.2d 297 (1983); *Looney v. Georgia Farm Bureau Mutual Insurance Co.,* 141 Ga.App. 266, 267, 233 S.E.2d 248 (1977), this Court must follow the expressions of that court in *General Insurance, Modern Carpet Industries,* and *Pennsylvania Millers Mutual* until contrary authority appears. Accordingly, this Court holds that, unless defendant waived the contractual limitation, that period began to run by January 19, 1982 and ended one year later.

■ Waiver of a contractual limitation on suit requires some affirmative promise, statement, or other act, or some actual or constructive fraud, to lead plaintiff into believing that defendant intended to enlarge on the limitation period contained in the contract. *Johnson v. Georgia Farm Bureau Mutual Insurance Co.,* 141 Ga. App. 859, 861, 234 S.E.2d 693 (1977). Waiver is found where there are "investigations, negotiations, or assurances by the insurance company up to and past the period which would have led the insured to believe the limitation would not apply." *Modern Carpet Industries, supra,* 125 Ga.App. at 151, 186 S.E.2d 586.

■ Plaintiff claims that there are questions of material fact as to whether Ace's reliance on its relationship with its insurer may have lulled Ace into sleeping on its rights with regard to the suit limitation provision. Although the record reveals that negotiations were made to attempt a resolution, there is nothing to support any contention that Reliance made any affirmative statement or act to lead plaintiff to believe the limitation was waived; nor did

investigations or negotiations continue near to the end of the period. There is therefore no issue of material fact as to waiver of the contractual limitation. Because there is no genuine issue of material fact that plaintiff failed timely to file suit on the policy, defendant is entitled to summary judgment on counts one and two.

In the third count plaintiff alleges fraud in the insurance transaction. Specifically, plaintiff claims fraud in Reliance's use of ambiguous language, misrepresentations, and dissembling concerning the nature of coverage afforded under the policy, and in Reliance's denial of benefits from the policy. Reliance argues that plaintiff has failed to state a claim upon which relief may be granted and that the fraud count is barred by the contractual limitation.

A suit for fraud that induced a contract is not governed by the contractual limitation of suit "for the recovery of any claim under this policy": recovery for fraud is different from recovery on a contract claim.

Even though the fraud count is timely, the claim is barred by *Parris & Son, Inc. v. Campbell*, 128 Ga.App. 165, 196 S.E.2d 334 (1973). In that case the Georgia Court of Appeals stated that

> representations alleged to have been made by the agent of the insurer, whether prior to or after the loss, to the effect that the insured was "fully covered" can amount to no more than an opinion as to coverage or a legal opinion as to the effect of the contract, which does not give rise to actionable fraud.

*Id.* at 168–169, 196 S.E.2d 334. Furthermore, use of ambiguous language in the contract and a denial of the claim, by themselves, do not constitute fraud. Reliance is therefore entitled to summary judgment on count three.

For the reasons stated above, the Court GRANTS the motion of defendant Reliance for summary judgment.