74440. GULF INSURANCE COMPANY v. MATHIS.
(358 SE2d 850)

BIRDSONG, Chief Judge.

Breach of Insurance Contract — Contract Interpretation. James Mathis owned a home at 603 Westview Road, Putney, Dougherty County. He built the house in 1974 and lived in it for 6 or 7 years. Cotton States Insurance Company was his insurance carrier for the premises. After he moved to a farm in a nearby county, his son Ronnie and daughter-in-law Delores moved into the house. The parties had an understanding that the house belonged to James, but Ronnie and his family could live in the home. Ronnie paid the mortgage, taxes, insurance premiums for full insurance coverage on the premises, and was responsible for the upkeep of the property. Cotton States continued to be the insurance carrier for approximately 11 years.

In January 1984, Delores Mathis, at her husband's request, began shopping for a lower insurance premium. The evidence shows that there is a disagreement between Delores Mathis and Carolyn Barefield, an insurance broker, as to the types of coverage requested. Mrs. Mathis claims that she explained to the broker that James Mathis owned the house and lot, but he did not reside on the premises and that her husband desired coverage on the house which was owned by James and on the contents which were owned by him. Mrs. Barefield testified that Mrs. Mathis informed her that James Mathis did not live in the house and the contents were never discussed. Mrs. Barefield could not issue a policy in the Putney area so she contacted an employee of the Detherage Insurance Agency and it issued a binder on a policy underwritten by Gulf using the information supplied by Mrs. Barefield. The policy provided coverage on the house and contents, showed the mortgage holder as the loss payee and was issued in the name of "James I. Mathis" as the named insured. The policy provided for $25,000 contents coverage.

On February 4, 1985, the house and its contents were completely destroyed by fire. James Mathis was paid for the loss of the house and the insurance company denied liability for the contents and refused to pay appellee's claim for the loss of his personalty. Ronnie Mathis brought suit against Mrs. Barefield, the Detherage Insurance Agency and Gulf Insurance Company to recover the loss of the contents of the house. Gulf Insurance Company was granted an interlocutory appeal from the denial of its motion for summary judgment. *Held*:

The evidence clearly showed that Ronnie Mathis solicited the policy in question, negotiated the premium, paid the premium and lived on the premises the entire time that the policy was in effect. The only contents of the house during the policy period were owned by him. There was testimony that the contents coverage was specifically requested by Ronnie's wife. On a motion for summary judgment, the evidence is construed in favor of the party opposing the motion by giving him all favorable inferences that can be drawn from it and the benefit of all reasonable doubts. *Blount v. Seckinger Realty Co.*, 167 Ga. App. 778 (307 SE2d 683). The insurance company does not deny that the contents provision of the policy would have been in effect and payable to James Mathis if he had resided on the premises; however, it contends that Ronnie Mathis cannot claim these benefits because he was not insured under the policy.

We find that Ronnie Mathis had the necessary privity to bring an action to obtain performance under the contract of insurance. In construing an insurance contract the test is not what the insurer intended its words to mean, but rather what a reasonable person in the insured's position would understand them to mean. Where such a

provision is susceptible of two or more interpretations, the courts will construe it most favorable to the insured. *U. S. Fire Ins. Co. v. Hilde*, 172 Ga. App. 161 (322 SE2d 285).

It is clear that this is a homeowner's policy of insurance and affords coverage for the loss of the insured premises and as part of that coverage also extends coverage to the contents of the home and promises to pay for the loss of contents. The policy is issued to James I. Mathis. By its express terms upon payment of premiums, the dwelling was covered for $50,000 and personal property in the amount of $25,000. "Insured" is defined as James I. Mathis. However, under Section I — Coverages of Personal Property under property listed as not covered (p. 2 of 13 of the contract of coverage), the contract provides: "We do not cover: 6. property of roomers, boarders and other tenants, except property of roomers and boarders related to any insured." The term roomer, boarder or other tenant is not otherwise defined. By common definition, however, these words include persons in actual and lawful possession of the insured premises. See Webster's Third New International Dictionary, 1971, p. 1329.

The plain language of this contract when read by a layman can only be construed to read that Gulf Insurance Company does cover property of tenants related to James I. Mathis, the insured. It can hardly be disputed that the contents of the insured premises belonged to Ronnie Mathis, the son of the insured. There is at the barest minimum an issue of fact whether Ronnie Mathis was a "roomer," "boarder" or "tenant" living in the insured's house who owned property that was covered because he was related to the insured. The trial court did not err in denying summary judgment to Gulf Insurance.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 29, 1987 —
REHEARING DENIED JUNE 17, 1987 —

*Edmund A. Landau, Jr.*, for appellant.
*G. Keith Murphy*, for appellee.