75621, 75623. LAMB BROTHERS LUMBER COMPANY, INC. et al. v. SOUTH CAROLINA INSURANCE COMPANY; and vice versa.
75622. DEMPS v. SOUTH CAROLINA INSURANCE COMPANY.
(366 SE2d 388)

McMURRAY, Presiding Judge.

On May 10, 1982, Lamb Brothers Lumber Company, Inc. ("Lamb Brothers"), was covered by an automobile liability policy issued by Early American Insurance Company ("Early American") and by an umbrella policy issued by South Carolina Insurance Company ("South Carolina Insurance"). The automobile liability policy provided coverage limits of $500,000. The umbrella policy provided excess coverage of $1,000,000.

The umbrella policy contained an automobile liability endorsement which read: "In consideration of the reduced premium charged, it is agreed that the insurance afforded by this policy shall not apply with respect to liability arising out of the ownership, maintenance, use, operation, loading or unloading of any automobile while away from premises owned by, rented to or in the care, custody or control of the insured unless such liability is covered by valid and collectible underlying insurance at the limits shown in the Schedule of Underlying Insurance [$500,000.00], but only for such hazards for which coverage is afforded by said underlying insurance." It also contained the following condition: "MAINTENANCE OF UNDERLYING INSURANCE. Each policy described in the Schedule of Underlying Insur-

ance shall be maintained in full effect during the currency of this policy, except for any reduction of the aggregate limits contained therein solely by payment of claims arising out of occurrences taking place during the period of this policy. Failure of the named insured to comply with the foregoing shall not invalidate this policy but in the event of such failure, the company shall be liable only to the extent that it would have been liable had the named insured complied therewith . . . . In the event there is no recovery available to the insured as a result of insolvency of an underlying insurer . . . the coverage hereunder shall apply in excess of the applicable limit of liability [$500,000] specified in the schedule of underlying insurance."

Dorothy Demps was injured on May 10, 1982, when she was hit by a truck driven by Toby York on Bay Street in Savannah. York, an employee of Lamb Brothers, was operating the truck in the scope of his employment.

Demps brought two lawsuits against Lamb Brothers and York seeking the recovery of damages for personal injuries. One suit was filed on July 29, 1982, in the Superior Court of Jefferson County. The other was filed on May 8, 1984, in the State Court of Jefferson County. While these actions were pending, Early American became insolvent. Thereafter, the Alabama Department of Insurance notified Lamb Brothers that Early American would not provide coverage under the automobile liability policy. The notification came soon after Early American was liquidated.

On April 10, 1985, the Georgia Insurers Insolvency Pool stepped into the picture. It retained counsel to defend Lamb Brothers and Toby York in the lawsuits brought by Demps. Coverage of $50,000, less a $100 deductible, was afforded to Lamb Brothers and York by the Georgia Insurers Insolvency Pool.

Lamb Brothers called upon South Carolina Insurance to provide a legal defense in the Demps lawsuits and to pay up to the policy limits for any judgment rendered against Lamb Brothers and York in excess of $50,000.

South Carolina Insurance took the position that it was not obligated to provide any coverage whatsoever to Lamb Brothers and York. Alternatively, South Carolina Insurance posited that it was only obligated to provide coverage if Demps obtained a judgment against Lamb Brothers and York for over $500,000.

To ascertain the extent of its obligations under the umbrella policy, South Carolina Insurance brought this declaratory judgment action against Lamb Brothers, York, Early American, Demps and the Georgia Insurers Insolvency Pool. The facts were stipulated by the parties and the case was submitted to the superior court for a resolution of cross motions for summary judgment.

The superior court determined that South Carolina Insurance is

to provide coverage in the event that Demps obtains a judgment exceeding $500,000. It also ruled that South Carolina Insurance was not obligated to provide a legal defense in the Demps lawsuits. These appeals followed.

In Case No. 75621, Lamb Brothers, York and the Georgia Insurers Insolvency Pool assert the superior court erred in failing to rule that South Carolina Insurance must provide coverage if Demps obtains a judgment in excess of $50,000. This assertion is repeated by Demps in Case No. 75622. In Case No. 75623, South Carolina Insurance contends the superior court erred in failing to rule that it has no obligation to provide insurance coverage to Lamb Brothers. *Held*:

" '[U]nder Georgia law in attempting to ascertain the intentions of the parties, insurance contracts are governed by the ordinary rules of construction applicable to other contracts. *Golden v. National Life & Accident Ins. Co.*, 189 Ga. 79, 87 [(5 SE2d 198)] (1939). The contract must be examined "as a whole" in attempting to construe any portion thereof. [Cits.] "Where the terms and conditions of a policy are unambiguous, the court must declare the contract as made by the parties . . . . Where the meaning is plain and obvious, it should be treated as literally provided therein." *Genone v. Citizens Ins. Co. of N. J.*, 207 Ga. 83, 86 [(60 SE2d 125)] (1950) (citations omitted).' " *United States Fire Ins. Co. v. Capital Ford Truck Sales*, 257 Ga. 77, 78 (355 SE2d 428), quoting *Garmany v. Mission Ins. Co.*, 785 F2d 941, 945 (11th Cir. 1986) with approval.

We think the intentions of the parties are clear and unambiguous. They can be ascertained by a plain reading of the entire policy. The policy requires South Carolina Insurance to provide a higher limit of liability for a loss falling under Lamb Brothers' automobile liability policy. The threshold point at which coverage begins is $500,000. The policy does not obligate South Carolina Insurance to provide first dollar coverage in the event the underlying insurer is insolvent; nor does it require South Carolina Insurance to provide a defense. On the other hand, South Carolina Insurance is not relieved of its obligation to provide excess coverage because of the insolvency of the underlying insurer.

Simply put, the policy calls upon South Carolina Insurance to provide excess insurance coverage of up to $1 million in the event that a judgment exceeding the underlying policy limits ($500,000) is rendered against the insured. *United States Fire Ins. Co. v. Capital Ford Truck Sales*, 257 Ga. 77, supra. This is what the parties bargained for; this is what they should get.

*Judgments affirmed. Sognier and Beasley, JJ., concur.*

DECIDED FEBRUARY 24, 1988.

*David H. Hanks, Tandy M. Menk, David Fritts, Maurice Steinberg*, for appellants (case no. 75621).
*Michael W. Millians*, for appellee.
*Billy N. Jones*, for appellant (case no. 75622).
*Michael W. Millians*, for appellee.