76354. EPPS et al. v. NICHOLSON.
76355. NICHOLSON v. RUCKER & ASSOCIATES, INC. et al.
(370 SE2d 13)

SOGNIER, Judge.

Nora L. Nicholson brought suit against her insurance agent, Jack Epps, his agency, Epps Insurance Agency, Inc., Rucker & Associates, Inc., the general agent, and Dependable Insurance Company, Inc., the insurance carrier, to recover damages from a fire loss on rental property she owned. The trial court granted summary judgment to Rucker & Associates, Inc., and Dependable Insurance Company, Inc., and granted partial summary judgment as to coverage to Epps and Epps Insurance Agency, Inc., while denying summary judgment in their favor as to negligence. Nicholson appeals from the grant of summary judgment, and Epps and his agency appeal from the denial of summary judgment in their favor as to negligence.

The record reveals that Nicholson lived at 1543 North Flatrock Road, Douglasville, and owned a rental house at 1471 North Flatrock Road. She had purchased insurance on both her residence and the rental house for several years from Epps, who had visited her home and knew the tenant in the rental house. Nicholson requested that Epps obtain a policy covering the rental premises, and at Epps' request, a policy purporting to cover 1471 North Flatrock Road was issued by Dependable Insurance Company in June 1984. The rental home was substantially destroyed by fire in March 1985, during the term of the policy. Nicholson filed her claim with Dependable, which denied liability, asserting that the policy was a homeowners' policy, providing coverage only for owner occupied dwellings. It is uncontroverted that Nicholson received a copy of the policy prior to the fire loss, and that the policy defines "residence premises" as "the one or two family dwelling, other structures, and grounds or that part of any other building where you reside and which is shown as the 'residence premises' in the Declarations." The Declarations portion of the policy

states that "[t]his policy insures Nora L. Nicholson, 1471 N. Flatrock Road, Douglasville, Ga. 30135."

1. In case number 76355, Nicholson contends the trial court erred by granting summary judgment in favor of the defendants as to coverage because the insurance policy was ambiguous, and thus must be construed most strongly against the insurer, and in favor of coverage, citing *Davis v. United American Life Ins. Co.*, 215 Ga. 521 (111 SE2d 488) (1959) and *Hutsell v. U. S. Life Title Ins. Co.*, 157 Ga. App. 845 (278 SE2d 730) (1981). Nicholson argues that the statement in the Declarations portion of the policy that the policy covers "Nora L. Nicholson, 1471 N. Flatrock Road" conflicts with the later language in the policy requiring residence in the premises by the insured. While it is true that where there is a conflict between two provisions in a policy, " '(t)he insurer is presumed to have intended that the clause most favorable to the insured be effective else it would not have inserted it in the policy it issued, and the insured is presumed to have chosen and intended to accept that which is most favorable to him,' " *Hutsell*, supra at 847 (1), we do not find the provisions here to be conflicting, or the policy language ambiguous. Rather, we find that all provisions in the policy may be harmonized without difficulty. The Declarations portion of the policy merely reflects the information the carrier was given, and identifies the insured and the residence premises. Later provisions in the policy contain the exact terms of coverage. We agree with the trial court that it is clear the later clauses in the policy contain *two* requirements for coverage: first, the dwelling must be the place where the insured resides; and second, the dwelling must be shown as the "residence premises" in the Declarations. Although under the terms of the policy the rental house at issue here meets the second requirement, it clearly does not meet the first. There being no conflict or ambiguity in the policy, we do not find the cases cited by Nicholson applicable, and the trial court did not err by granting summary judgment in favor of the defendants as to coverage. See generally *Simmons v. Select Ins. Co.*, 183 Ga. App. 128, 130 (358 SE2d 288) (1987).

2. In case number 76354, Epps and his agency maintain that while the trial court correctly granted summary judgment in their favor on Nicholson's claim as to coverage, the trial court erred by denying their motion for summary judgment as to Nicholson's negligence claim, because the case, rather than sounding in tort as alleged by Nicholson, sounds in contract as a suit to recover for Epps' breach of a contract to procure insurance as instructed. Epps argues that Nicholson was under a duty to examine the policy, and her failure to do so relieves him of liability for any lack of coverage. We agree and reverse.

"[T]he general rule [is] that an insured has a duty to examine

and reject a policy providing incorrect or insufficient coverage. . . ." *King v. Brasington*, 252 Ga. 109-110 (312 SE2d 111) (1984). There are exceptions to this general rule where an agent intentionally misrepresents the existence or extent of coverage, id. at 110 (1), or where the prospective insured must rely on the expertise of the agent to identify and procure the correct amount or type of insurance. *Wright Body Works v. Columbus &c. Ins. Agency*, 233 Ga. 268, 271 (210 SE2d 801) (1974). However, we find no circumstances here which operated to create an exception to the general rule that the burden is on the insured to examine the policy issued and determine whether the coverage desired is provided. *Ethridge v. Assoc. Mutuals*, 160 Ga. App. 687, 690 (288 SE2d 58) (1981); *McCullohs Svc. Station v. Wilkes*, 183 Ga. App. 687, 690 (1) (359 SE2d 745) (1987). Nicholson's limited education is not of consequence, see *Brasington v. King*, 167 Ga. App. 536 (307 SE2d 16) (1983), aff'd *King v. Brasington*, supra, nor is the fact that negligence is alleged by Nicholson. " 'The facts of this case establish a contractual relationship rather than the negligent performance of a fiducial duty. We (find) that the case of *Barnes v. Mangham*, 153 Ga. App. 540 (265 SE2d 867) [(1980)] is dispositive of this case. . . . The evidence demands a finding that [Nicholson] failed to comply with (her) legal duty to examine (the) contract, observe what coverage it provided and, if the coverage was not correct, either reject the policy as written when tendered, or renegotiate (the) contract with the insurer. [Nicholson was] not only free to examine the contract (she was) under a duty to do so; and if (she) had done that (she) would have observed just what coverage it provided. If it was not what (she) wished to have (she) could have renegotiated (the) contract, or, if [Epps] was unwilling to do that, (she) could have returned it as unacceptable and negotiated a contract with another (agency).' (Citation and punctuation omitted.) [Cit.]" *McCullohs Svc. Station*, supra at 690 (1).

Nicholson was under a legal duty to read her policy, and she failed to comply with that duty. Accordingly, in addition to summary judgment in their favor as to coverage under the policy, Epps and his agency were entitled to the grant of summary judgment in their favor as to the negligence claim.

*Judgment affirmed in Case No. 76355. Judgment reversed in Case No. 76354. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 25, 1988.

*Donald B. Howe, Jr.*, for Nicholson.
*William C. Tinsley II, Joel E. Dodson*, for Epps.

*J. Thomas Vance, Thomas E. Greer*, for Dependable and Rucker.