## 77353. LYNN v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
### (375 SE2d 259)

SOGNIER, Judge.

Idus Lynn brought suit against Georgia Farm Bureau Mutual Insurance Company to recover casualty insurance benefits allegedly due him for wind and rain damage his home sustained during Hurricane Kate. The trial court granted summary judgment in favor of the insurer based on Lynn's failure to submit proof of loss and file suit in timely fashion under the terms of the policy, and Lynn appeals.

The record reveals that appellant sustained damage to his roof, with resulting damage to interior walls from leaking rain on November 21, 1985. Appellant reported his loss to appellee's local agent the following day. Appellant submitted written estimates from roofers in February 1986 but complained at his deposition that he tried but could not get an adjuster to inspect the interior damage. In April 1986 appellee offered to pay appellant $4,300 in settlement of the roof damage claim, maintaining the roof could be repaired for that

amount. Appellant, believing that no repair would be satisfactory, rejected the offer and insisted that the roof needed to be replaced. Nothing further transpired between the parties until August or September 1986, at which time appellant submitted to Mike Southall, appellee's adjuster, two additional estimates for roof replacement. In October 1986, appellee's offer of $4,300 for the roof damage was again extended, and a draft dated October 7, 1986 was mailed to appellant. In early November 1986, appellant furnished three estimates to appellee for repair of the interior damage. It is undisputed that appellant's property was insured for $40,000 although it is likely that its value was in excess of $100,000. Because of this, and his belief that co-insurance would apply, Southall issued a draft dated November 25, 1986 to appellant in the amount of $2,320 in settlement of the interior damage claim, which sum was 40 percent of the highest estimate submitted by appellant. Further correspondence between appellant's attorney and appellee's agent took place between March and May of 1987, culminating in the return of the two drafts by appellant and the filing of this suit on May 5, 1987.

1. Appellant concedes he did not submit a formal proof of loss form within sixty days of the loss, nor did he file suit within twelve months of the loss, both as required by provisions in the policy, but contends the trial court erred by granting summary judgment in favor of appellee because appellee, by its conduct, waived those provisions by leading him to believe it would not insist on strict compliance with its requirements. We agree and reverse.

(a) By deposition, Southall admitted the insurer had received many claims for damage from this particular hurricane, that it was considered a catastrophic loss, and that their general policy was to settle these claims without requiring official proof of loss forms. He further admitted that appellee neither informed appellant that his claim was insufficient nor provided him with proper proof of loss forms, and that appellee's offer to settle appellant's claim was made after the expiration of the sixty day period for providing proper proof of loss. These facts are sufficient to show a waiver of the requirement of a written proof of loss. See *Johnson v. Ga. Farm &c. Ins. Co.*, 141 Ga. App. 859, 860 (1) (234 SE2d 693) (1977).

(b) " ' "It is a universal rule that, where the insurer, by its acts in negotiating for a settlement, has led the policyholder to believe that he will be paid without suit, the insurer cannot take advantage of a provision in the policy which requires the action to be brought in a certain time. [Cit.] . . . [Cit.]" . . . If the facts show that negotiations for a settlement have led the insured to believe that the claim would be paid by the insurer, without a suit, this will constitute a waiver of the time requirement. . . .' [Cit.]" *Georgia Farm &c. Ins. Co. v. Nolan*, 180 Ga. App. 28-29 (348 SE2d 554) (1986).

OCGA § 33-24-40 provides that negotiation between parties looking toward possible settlement of a loss or claim does not constitute waiver of any policy provision, but " '[i]f the insurer never denied liability, but continually discussed the loss with its insured with a view toward negotiation and settlement without the intervention of a suit, whether or not this lulled the insured into a belief that the 12-month clause in the contract of insurance was waived by [appellee], became a question of fact, which, under the pleadings, was in dispute. Such a dispute as to intent properly is a matter to be submitted to a jury under appropriate instructions. [Cits.]' [Cit.]" *Reserve Ins. Co. v. Smith*, 145 Ga. App. 850, 852 (1) (245 SE2d 66) (1978). See also *Commercial Union Ins. Co. v. F.R.P. Co.*, 172 Ga. App. 244, 248 (1) (322 SE2d 915) (1984). It is undisputed that appellee never denied liability, even though according to its own evidence (albeit disputed by appellant) appellant failed even to mention the interior damage until more than eleven months had passed from the time of the loss. Nothing was ever said to appellant indicating that appellee would insist on strict compliance with the policy limitations. Moreover, appellee accepted appellant's estimates and even issued drafts beyond the twelve month period. Here, as in *Nee v. State Farm Fire &c. Co.*, 142 Ga. App. 744, 747-748 (236 SE2d 880) (1977), "there is evidence that could lead a jury to believe the intent of the parties was to negotiate a settlement, thus impliedly waiving the contractual limitation. . . . There being a material issue of disputed fact in this case, the trial court erred in granting summary judgment in favor of [appellee]."

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 28, 1988 —
REHEARING DENIED NOVEMBER 9, 1988.

*Smith, Perry & Epps, Ralph C. Smith, Jr.*, for appellant.
*Lambert, Floyd & Conger, George C. Floyd*, for appellee.