77763. JOHN ALDEN LIFE INSURANCE COMPANY v. MEADE.
(379 SE2d 181)

McMURRAY, Presiding Judge.

Jennifer L. Meade (plaintiff) brought an action against John Alden Life Insurance Company (defendant) and alleged that she is a beneficiary under a group health insurance policy provided by defendant to plaintiff's employer and that defendant breached this contract by failing to pay plaintiff's claim for benefits under the group policy. Defendant denied the material allegations of the complaint and contended that plaintiff was not covered under the employer's group health insurance policy at the time she incurred the medical expenses which form the basis of her claim. The parties filed their respective motions for partial summary judgment to resolve the dispute over the effective date of plaintiff's coverage under the policy. The following facts are undisputed:

On February 24, 1986, plaintiff began working as a "full time" dental assistant for Dr. Larry L. Dunn. Shortly after plaintiff began work, defendant provided Dr. Dunn and his employees with group health insurance. This coverage became effective on April 15, 1986.

During the early morning hours of April 15, 1986, plaintiff began experiencing severe nausea and abdominal pain. Plaintiff called her physician and he advised plaintiff to appear at his office at 9:00 that morning for an examination. At 8:15 a.m., plaintiff arrived at her place of employment, began performing her normal job functions and, at 8:45 a.m., plaintiff left for her doctor's appointment. She did not return to work until June 7, 1986.

During the months following April 15, 1986, plaintiff incurred

substantial medical expenses for which she claimed benefits under her employer's group health insurance policy. Defendant denied plaintiff's claim and, in a letter dated June 23, 1986, referred plaintiff "to [her] John Alden Certificate of Group Insurance, General Provisions, Deferred Effective Dates: 'If you are not at work on a full-time basis on the effective date shown on the Benefit Summary, or on the effective date of any increase of benefits, your insurance, or any increase in benefits, will not become effective until the date you return to active work on a full-time basis.'" Defendant further explained to plaintiff that she was not covered under her employer's group policy because she was "not at work on a full-time basis on [the] effective date shown on the Benefit Summary[, April 15, 1986]." The trial court rejected this explanation, entered partial summary judgment for plaintiff and declared that plaintiff's coverage became effective on April 15, 1986. This appeal followed. *Held*:

" ' "(U)nder Georgia law in attempting to ascertain the intentions of the parties, insurance contracts are governed by the ordinary rules of construction applicable to other contracts. *Golden v. National Life & Accident Ins. Co.*, 189 Ga. 79, 87 ((5 SE2d 198)) (1939). The contract must be examined 'as a whole' in attempting to construe any portion thereof. (Cits.) 'Where the terms and conditions of a policy are unambiguous, the court must declare the contract as made by the parties. . . . Where the meaning is plain and obvious, it should be treated as literally provided therein.' *Genone v. Citizens Ins. Co. of N. J.*, 207 Ga. 83, 86 ((60 SE2d 125)) (1950) (citations omitted)."' *United States Fire Ins. Co. v. Capital Ford Truck Sales*, 257 Ga. 77, 78 (355 SE2d 428), quoting *Garmany v. Mission Ins. Co.*, 785 F2d 941, 945 (11th Cir. 1986) with approval." *Lamb Bros. Lumber Co. v. South Car. Ins. Co.*, 186 Ga. App. 51, 53 (366 SE2d 388).

In the case sub judice, Dr. Dunn's "CERTIFICATE OF GROUP INSURANCE" provided that "insurance begins on the Effective Date shown on the Benefit Summary if [the covered employee is] actively at work on a full-time basis on that date . . . ."[1] The "BENEFIT SUMMARY" provided an effective date of April 15, 1986, and, the master group policy, of which Dr. Dunn's group was covered, provided as follows: "If the member is not actively at work on the day he is to become insured, he does not become insured until the day he returns to active work." Defendant argues that this language required plaintiff to appear at work for a full day on April 15, 1986, in order to

---

[1] The "General Provisions" portion of the "CERTIFICATE OF GROUP INSURANCE" provided, in pertinent part, as follows: "If you are not at work on a full-time basis on the effective date shown on the Benefit Summary, or on the effective date of any increase in benefits, your insurance, or any increase in benefits, will not become effective until the date you return to active work on a full-time basis."

invoke coverage on that day. We do not agree.

" 'In construing an insurance contract the test is not what the insurer intended its words to mean, but rather what a reasonable person in the insured's position would understand them to mean. Where such a provision is susceptible of two or more interpretations, the court will construe it most favorabl(y) to the insured. (Cit.)' *Gulf Ins. Co. v. Mathis*, 183 Ga. App. 323, 324-325 (358 SE2d 850) (1987). See generally *Travelers Ins. Co. v. Blakey*, 255 Ga. 699 (342 SE2d 308) (1986)." *Mag Mut. Ins. Co. v. Gatewood*, 186 Ga. App. 169, 172 (1), 173 (367 SE2d 63).

From this perspective, it is apparent that the language of the master group policy and the "CERTIFICATE OF GROUP INSURANCE" merely required "full-time" employees to appear at work, on or after the effective date of the policy, and perform normal job functions to invoke coverage under the policy. Consequently, since the undisputed evidence shows that plaintiff was "actively at work on a full-time basis" on the effective date of the policy, April 15, 1986, the trial court properly granted partial summary judgment in favor of plaintiff.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED FEBRUARY 8, 1989.
REHEARING DENIED FEBRUARY 27, 1989 —

*Douglas N. Campbell, Laura E. Stevenson*, for appellant.
*Henning, Aitkens, Snellings & Kearns, Stanley T. Snellings*, for appellee.