A89A1090. CANTRELL v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY.
(387 SE2d 42)

McMURRAY, Presiding Judge.

In July of 1981, plaintiff Cantrell purchased a mobile homeowners insurance policy from defendant Nationwide Mutual Fire Insurance Company. At that time, the mobile home was situated inside a mobile home park in Gwinnett County within 50 feet of a fire hydrant. In September of 1986, plaintiff had the mobile home moved to a two-acre tract of land located on a dirt road in Hall County about one mile away from the nearest fire hydrant. Plaintiff did not notify defendant of the move prior to the destruction of the mobile home and its contents by fire on December 27, 1986.

Plaintiff filed a claim with defendant for damage to the mobile home and its contents. The claim was denied because plaintiff had not notified defendant that the mobile home had been moved from its original location as listed in the insurance policy.

Plaintiff filed this action alleging that the insurance policy covering the mobile home does not provide any specification or condition requiring that a change of location must or shall be reported to defendant as a condition of coverage, that the denial of coverage is not legally or factually proper, and that defendant's refusal of plaintiff's formal demand for payment was in bad faith. Plaintiff sought a judgment under various portions of the insurance policy for damage to the mobile home, destruction of personal property and incidental expenses, plus an additional award for bad faith and attorney fees.

Following discovery, defendant moved for summary judgment. Plaintiff appeals from the grant of defendant's motion for summary judgment. *Held*:

The insurance policy states that "We cover: (1) **the mobile home** on the residence premises listed in this policy used mainly as a private residence." "**Residence premises**" is defined as "**the mobile home**, other structures and grounds listed in this policy." When

these two policy provisions are considered together by substituting the contractual definition of **"residence premises"** for that term in the coverage provision an ambiguity in the policy is exposed. "Ambiguity in an insurance policy may be defined ' "as duplicity, indistinctness, an uncertainty of meaning or expression." ' *Tarbutton v. Duggan*, 45 Ga. App. 31 (5) (163 SE 298) (1931)." *Alley v. Great American Ins. Co.*, 160 Ga. App. 597, 599 (287 SE2d 613). "In construing an insurance contract the test is not what the insurer intended its words to mean, but rather what a reasonable person in the insured's position would understand them to mean. Where such a provision is susceptible of two or more interpretations, the courts will construe it most favorably to the insured. *U. S. Fire Ins. Co. v. Hilde*, 172 Ga. App. 161 (322 SE2d 285)." *Gulf Ins. Co. v. Mathis*, 183 Ga. App. 323, 324, 325 (358 SE2d 850).

By stating that the residence premises means, "the **mobile home . . .**" (which is emphasized by the use of bold type) and failing to limit coverage to one location in plain language, the policy could easily suggest to the reasonable layman policyholder that coverage is provided for the mobile home without reference to location. Since mobile homes are indeed mobile, such a reading of the policy language is not unreasonable.

Defendant also relies upon the statement on the declarations page that: "The residence premises covered by this policy is located at the above mailing address unless otherwise shown." This language, however, fails to make coverage conditional on location and may be viewed as relating only to identification of the mobile home.

Construing the language of the policy most favorably to plaintiff, we find that coverage of plaintiff's mobile home is not conditioned on location. Therefore, the state court erred in granting summary judgment to defendant.

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED OCTOBER 4, 1989.

*Davis, Sissel & Williams, Kenneth M. Sissel*, for appellant.
*Gregg P. Counts*, for appellee.