A91A1630. EDWARDS et al. v. ATLANTIC INSURANCE COMPANY et al.

(417 SE2d 410)

ANDREWS, Judge.

Bobby Edwards and the other six owners of property appeal the trial court's grant of summary judgment to Atlantic Insurance Company and the denial of Bobby Edwards' motion for summary judgment.[1]

Edwards and the other owners maintained the property at issue as a meeting hall for the local chapters of the Independent Order of Odd Fellows. Edwards, who owned one-seventh interest in the property, maintained insurance on the property. The policy in question was issued by Atlantic Insurance Company in June 1986 and listed as the insured only Bobby Edwards. The policy was in effect when the buildings were destroyed by fire on February 16, 1987.

Proof of loss was completed and payment of $25,000, full amount of the loss, was sought. Because the policy listed Edwards individually as the insured, however, Atlantic refused to pay the full amount, offering instead to settle for $3,571.43, representing the value of Edwards' one-seventh interest. This offer was made by letter of August 17, 1987 and was rejected by counsel for Edwards and the others on October 1, 1987.

Suit was filed by all owners on July 25, 1988. Atlantic moved for summary judgment, contending that the policy required the insured to file suit within 12 months after the loss. The court granted summary judgment and this appeal ensued.

The policy at issue includes the declarations page, which includes the following notation under "Optional Coverage:" "Forms and endorsements made a part of policy at time of issue: Per Form 1168 (7-76)." Next follows a one-page insert entitled "Comprehensive Com-

---

[1] Atlantic has filed a motion to dismiss the appeal for failure to timely file the transcript. Such a motion is properly for the trial court, OCGA § 5-6-48 (c). Further, the trial court vacated its original order granting summary judgment, which is the premise for timing of the motion. Therefore, there is no merit to the motion.

mercial Policy" and containing the basic insuring agreements and general policy conditions "applicable to Sections I, II and III." The declarations page reflects that coverage is issued under "Section I Property Coverage," and "Section II General-Automobile Liability Coverage" and none is included under "Section III Special Coverage-Comprehensive Crime."

The endorsement page, form 1168 (7-76), lists the forms and endorsements made part of the policy, including Form 3646 (12-84), the Business Insurance "Standard Form Fire Insurance Policy," and Form CF 00 13 (Ed. 1083), the "Special Building Form."

The fire insurance policy (Form 3646) insures against "all direct loss by fire, . . ." and includes the following: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." No such clause appears elsewhere in the policy. The Special Building Form states that "[t]his form cancels and replaces any coverage on buildings provided under any other form made a part of this policy, but only with respect to buildings to which this form is shown to be applicable." That form, while including fire as one of the perils insured against, adds additional perils to the coverage of the policy, i.e., hail, insect damages, etc., for buildings on the premises. The risk insured against is "direct physical loss involving collapse of a building or any part of a building."

1. Edwards argues that, because the time requirement for suit clause appears in the fire policy but not in the special building form policy, it is not applicable to this claim. This reading of the contract, however, ignores the whole for an overly strict consideration of each part standing alone. " ' "(U)nder Georgia law in attempting to ascertain the intentions of the parties, insurance contracts are governed by the ordinary rules of construction applicable to other contracts. The contract must be examined 'as a whole' in attempting to construe any portion thereof. 'Where the terms and conditions of a policy are unambiguous, the court must declare the contract as made by the parties. . . . Where the meaning is plain and obvious, it should be treated as literally provided therein.' " ' " (Citations omitted.) *Lamb Bros. Lumber Co. v. S. C. Ins. Co.*, 186 Ga. App. 51, 53 (366 SE2d 388) (1988).

None of the arguments put forward by Edwards creates any ambiguity where none exists in the policy as to the loss by fire of the insured premises and the 12-month requirement stands. *Giles v. Nationwide &c. Ins. Co.*, 199 Ga. App. 483, 484 (1) (405 SE2d 112) (1991).

2. Edwards also argues that the grant of summary judgment was

improper due to Atlantic's failure to comply with USCR 6.5, requiring a statement of material facts as to which there is no dispute. The record, however, contains such a statement filed after the filing of the motion for summary judgment. No authority is cited holding that failure to comply with the rule requires the court to deny summary judgment on that basis. Any such action is within the discretion of the trial court and this court will not reverse such a decision absent abuse.

3. Alternatively, the owners argue that acts of the insurer in continuing to negotiate waived the 12-month filing provision.

In addition to the August 17, 1987 offer and October 1, 1987 rejection by plaintiffs of the one-seventh coverage, two additional letters were sent by the adjuster for Atlantic. On November 24, 1987, the adjuster advised Edwards' attorney that "we maintain our position and offer. We feel our offer does represent full value of the claim as defined by the policy contract of insurance. . . . We continue to remain ready to process a draft request in exchange for Proof of Loss as full and final settlement of this matter. We trust your earliest positive reply is forthcoming." Then, on February 10, 1988, five days prior to the running of the one-year filing limitation, the adjuster sent a letter requesting contact concerning the matter and stating "we cannot continue to indefinitely hold this matter in abeyance. Absent contact within a reasonable time frame, we can only assume that there is a significant lack of interest exhibited and act accordingly. We trust your earliest reply is forthcoming." In response, Edwards' attorney sent his letter dated February 15, 1988 stating that the lawsuit seeking bad faith damages "has been drafted and is being evaluated" by attorneys for other plaintiffs.

In July 1987, counsel for Atlantic, in communicating with the adjuster, inadvertently sent a copy of his letter to counsel for the plaintiffs. This letter discussed *Georgia Farm Bureau Mut. Ins. Co. v. Mikell*, 126 Ga. App. 640 (191 SE2d 557) (1972), a case in which one member of a partnership insured property only in his name and the court allowed full recovery. See also *Canal Ins. Co. v. Bryant*, 166 Ga. App. 483, 484 (2) (304 SE2d 565) (1983). While Atlantic argues that plaintiffs' counsel should have returned the letter and cannot rely on it, the fact remains that he was privy to that information and there is no reason he could not take it into his evaluation of the case. No motion to strike it from the record or otherwise address the issue was made below.[2]

OCGA § 33-24-40 provides that negotiation between parties look-

---

[2] Whether such conduct ran afoul of the Code of Professional Responsibility is a matter for another tribunal and proceeding and is not before us.

ing toward possible settlement of a loss or claim does not constitute waiver of any policy provision. If the insurer never denied liability, but continually discussed the loss with its insured with a view toward negotiation and settlement without the intervention of a suit, whether or not this lulled the insured into a belief that the 12-month clause in the contract was waived by the insurer can become a disputed question of fact for a jury under appropriate instructions. *Lynn v. Ga. Farm Bureau Mut. Ins. Co.*, 189 Ga. App. 209, 211 (1b) (375 SE2d 259) (1988).

The facts of this case, however, more closely parallel those of *Giles*, supra, and the grant of summary judgment on the issue of waiver is affirmed.

4. The remaining arguments concerning the one-year limitation are without merit. *Giles*, supra at 485 (2).

5. Finally, Bobby Edwards enumerates the denial of his individual motion for summary judgment as error. Due to our holding in Division 3, and the fact that he sought more than the proffered amount, it cannot be said as a matter of law that he was entitled to judgment. *Lee v. Safeco Ins. Co.*, 144 Ga. App. 519, 521 (1) (241 SE2d 627) (1978).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 19, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992 — 

*Austin J. Kemp II, Pamela M. Spencer, Arnall, Golden & Gregory, J. Randolph Evans*, for appellants.

*Martin, Snow, Grant & Napier, John C. Edwards, Phillip A. Sibley*, for appellees.