A94A0934. HILL et al. v. NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY.
(448 SE2d 747)

BEASLEY, Presiding Judge.

The Hills took out a homeowners insurance policy with Nationwide in 1988. In June 1992, the Hills moved from the covered home, which suffered damage in an August 1992 fire. Nationwide refused to pay the Hills' claim and the Hills sued. Nationwide moved for summary judgment, relying upon the insurance agreement's language identifying the covered premises. The Hills moved for partial summary judgment as to liability, relying upon the same language. Summary judgment was awarded to Nationwide and the Hills appeal.

The Hills contend that the trial court erred as a matter of law in reading the contract to exclude coverage after the Hills moved from the premises. They argue that it must be read to include coverage, or in the alternative, to be ambiguous and therefore construed against its drafter, Nationwide. On the other hand, Nationwide relies only upon the contract language identifying and defining the covered premises. It argues that in identifying the premises, the agreement also requires that the premises be occupied or become, in effect, "unidentified."

The policy states: "We cover: a. the dwelling on the *residence premises* shown on the Declarations and mainly used as a private residence, including attached structures and attached wall-to-wall carpeting." This coverage clause contains no exclusion of coverage when the dwelling is vacant, nor does any such explicit exclusion appear elsewhere in the agreement. Nationwide does not contend that the dwelling was not "mainly used as a private residence," even though temporarily vacant. Rather, it points to the definition section of the agreement and its clause: "8. '*Residence premises*' means the one- or two-family dwelling, other structures and grounds; or that part of any other building where you live, shown as the *residence premises* on the Declarations." The declaration page shows the location of the residence premises as Lot 60F, Pecan Subdivision, Putney, Georgia. It is undisputed that the damaged home is located there. Nationwide contends that this definition is tantamount to a clause that states coverage will cease when the premises are no longer used as the residence of the insured.

" ' "In construing an insurance policy, '(t)he test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean. The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney.' (Cit.) 'Where a provision in a policy is susceptible to two or more constructions, the courts will adopt that construction which is most favorable to the in-

sured. (Cit.)' (Cits.)" (Cit.)' [Cit.]" *Atlantic Wood Indus. v. Lumbermen's Underwriting Alliance*, 196 Ga. App. 503, 505 (2) (396 SE2d 541) (1990). " 'Under Georgia law, the risk of any lack of clarity or ambiguity in an insurance contract must be borne by the insurer. (Cit.)' [Cit.]" Id. at 506. " 'Ambiguity in an insurance policy may be defined " 'as duplicity, indistinctness, an uncertainty of meaning or expression.' " [Cit.]' [Cit.]" *Cantrell v. Nationwide Mut. Fire Ins. Co.*, 193 Ga. App. 106, 107 (387 SE2d 42) (1989). Additionally, " ' " '[t]he contract must be examined "as a whole" in attempting to construe any portion thereof.' " ' " *Edwards v. Atlantic Ins. Co.*, 203 Ga. App. 608, 609 (1) (417 SE2d 410) (1992).

Nationwide contends that the "clear import" of the policy's definition of residence premises is that the identified premises are insured only so long as the insured lives at that location. That, however, is not the case. Language such as that used here does not impose requirements but rather "may be viewed as relating only to identification of the [covered premises]." *Cantrell*, supra at 107. A conclusion that this language is only for identification is supported by the structure of the contract and its different clauses. The definition clause is referred to by the identification clause, which simply identifies the premises covered. Neither states a requirement that the insured reside on the premises for it to be covered.

The only requirement of residence that could be read into the definition clause would pertain only to "that part of any other building where you live. . . ." The inclusion of the language "that part of any other building where you live" is obviously inserted to provide coverage of only the appropriate space when the insured resides in a multi-unit dwelling and not in a "one- or two-family dwelling" of the type listed previously in the definition.[1] This identification of covered premises then makes reference to the declarations page for more specific identification of the "one- or two-family dwelling" or "part of any other building" that is the covered premises.

To give the identification clause the reading urged by Nationwide also would render other portions of the agreement ineffectual. In Section I of the agreement, dealing with property damage and exclusions of coverage, the contract states that one of the perils insured against is physical damage due to freezing pipes "while the dwelling is vacant, unoccupied or being constructed" as long as the insured has used reasonable care to maintain heat, shut off the water, and drain the water systems. Similarly, coverage is explicitly provided for damage due to vandalism during the first 30 days of vacancy. This section of the con-

---

[1] The policy does not require that the insured have an ownership interest in the covered premises.

tract states that items not excluded are covered.

These provisions, explicitly granting coverage through the mechanism of exceptions to exclusions, are the only references to vacancy in the contract. Coverage is also extended to damages to personal property during similar periods of vacancy or unoccupancy.

Thus, Nationwide advocates a construction of the contract that either renders specific coverages void or allows coverage during vacancy for the perils of vandalism and freezing pipes not specifically excluded, but somehow voids coverage for the fire that occurred in the instant case. Neither construction comports with the requirement that the contract be read as a whole, *Edwards*, supra, nor with the rule of contract construction that specific terms will prevail over general. *Auto-Owners Ins. Co. v. Barnes*, 188 Ga. App. 439, 440-441 (1) (373 SE2d 217) (1988); *Southeast Atlantic Cargo Operators v. First State Ins. Co.*, 197 Ga. App. 371, 373 (398 SE2d 264) (1990).

Nationwide urges as controlling the case of *Epps v. Nicholson*, 187 Ga. App. 246 (370 SE2d 13) (1988), in which a slightly different identification clause was found to exclude coverage when the insured did not occupy the residence premises. In *Epps*, however, the identification clause defined "residence premises" as " 'the one or two family dwelling, other structures, and grounds or that part of any other building where you reside and which is shown as the "residence premises" in the Declarations.' " Id. at 246. This clause was found to impose two requirements for coverage, that the dwelling be where the insured resides and that it be identified on the declaration page. The premises at the listed address was rental property.

Moreover, contrary to Nationwide's contention, the insurance agreement at issue does not "define[ ] residence premises in terms identical to the contract language in *Epps*." The clause at issue defines "residence premises" as "the one- or two-family dwelling, other structures and grounds; or that part of any other building where you live, shown as the *residence premises* on the Declarations." Although wording is similar, it is different in crucial respects, as is punctuation. One major difference in the wording of the *Epps* and instant clauses is the inclusion of the word "and" between "where you reside" and "which is shown . . . [on the declaration page]" in the *Epps* clause. This language makes it clear that in the *Epps* policy, *both* situations are required. The conjunctive "and" does not, however, appear in the instant clause. To the contrary, the instant clause includes a disjunctive "or," which is not present in the *Epps* clause at all. Additionally, the inclusion of the semi-colon in the instant clause clearly shows that "where you live," without any intervening punctuation, is only intended to modify "that part of any other building." Punctuation is an important indicator of meaning. See, e.g., *Ga. Intl. Life Ins. Co. v. Bear's Den*, 162 Ga. App. 833 (1) (292 SE2d 502) (1982).

Nationwide also relies upon *Ga. Farm Bureau Mut. Ins. Co. v. Kephart*, 211 Ga. App. 423 (439 SE2d 682) (1993), but this reliance is misplaced. The identification clause in that case defined "residence premises" as " 'a. the one family dwelling, other structures, and grounds; or b. that part of any other building; where you reside and which is shown as the "residence premises" in the Declarations.' " Id. at 424 (1) (a). This language and sentence structure clearly require that whether the covered premises is "a. the one family dwelling . . ." or "b. that part of any other building," the insured must reside there. Kephart had permanently moved from the premises and her ex-husband and new wife were living there while Kephart was the named insured. Nationwide did not write the contract in this case in the same way as was done in *Kephart* and the fact that there was a residence requirement in *Kephart* does not affect the plain meaning of the language in the instant case. Additionally, the *Kephart* policy also contained a clause stating " 'the residence premises (must be) the only premises where the named insured or spouse maintains a residence. . . .' " Id. Again, Nationwide did not include such a clause.

Reading the insurance contract as would a reasonable person in the position of the insured, it clearly provides coverage of the house on the lot listed on the declaration page. The court erred in granting Nationwide's motion for summary judgment and in denying the Hills' motion for partial summary judgment.

*Judgment reversed. Andrews and Johnson, JJ., concur.*

DECIDED SEPTEMBER 13, 1994 —
RECONSIDERATION DENIED OCTOBER 4, 1994.

*Dorough & Sizemore, Kermit S. Dorough, Jr., W. James Sizemore*, for appellants.

*Murray & Temple, William D. Strickland, John C. McCaffery*, for appellee.