[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 24-12459

Non-Argument Calendar

————————————————

DEASHUN WALKER,
Individually and as Assignee of Terry Spivey,

Plaintiff-Appellant,

*versus*

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-04080-MLB

_____

Before WILSON, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

This case involves an insurance coverage dispute between Plaintiff-Appellant Deashun Walker and Defendant-Appellee State Farm Fire and Casualty Company (State Farm). Walker obtained a judgment against the insured, Terry Spivey, after being injured on Spivey's rental property. Walker, as Spivey's assignee and a judgment creditor, argues State Farm breached its insurance agreement with Spivey by refusing to provide counsel in the underlying litigation and declining to pay the judgment.

The district court dismissed the claim, finding that Walker failed to state a claim because the agreement unambiguously covers only properties where the insured resides—not properties he rents to others. After careful consideration, we affirm.

## I.

According to the Amended Complaint, Walker fell through a missing stair while delivering food to a home Spivey owned at 2015 Northerly Way in Stone Mountain, Georgia. At the time, Spivey rented out the home and did not live there. State Farm insured the property. Under the homeowner's insurance policy, State Farm agreed to indemnify Spivey, the insured, in a suit for bodily injury or property damages up to the policy limits ($100,000) and provide a defense at its expense by counsel of its choice.

This coverage does not apply to liability "arising out of any premises currently owned or rented to any insured" which is not an "*insured location*."[1] The "insured location" is "the *residence premises*" and "the part of any other premises, other structures, and grounds used by *you*, [the named insured], as a residence. This includes premises, structures, and grounds you acquire while this policy is in effect for *your* use as a residence." The *"residence premises*," in turn means the dwelling or building structure "where *you* reside and which is shown in the *Declarations*." The Declarations list the home at 2015 Northerly Way.

After Walker sued Spivey for negligence and premises liability in Georgia state court, he notified State Farm about the litigation. State Farm initially accepted coverage and provided Spivey with an attorney to defend the lawsuit, but later revoked its coverage and defense. Walker obtained a judgment against Spivey for $100,000 (the same amount as the policy limit). Spivey has not satisfied the judgment.

Walker brought this breach of contract action in Georgia state court as Spivey's assignee and on his own behalf.[2] State Farm

---

[1] The policy denotes defined words and phrases with bold italics. For readability, we omit the bold text.

[2] *See, e.g.*, *State Farm Fire & Cas. Co. v. Bauman*, 723 S.E.2d 1, 2 (Ga. Ct. App. 2012) ("The general rule is that, where an injured party obtains an unsatisfied judgment against a party who has insurance covering the injuries . . . the injured party may bring an action directly against the insurer to satisfy the judgment . . . .").

timely removed to the Northern District of Georgia, Atlanta Division, invoking diversity jurisdiction. *See* 28 U.S.C. § 1332. State Farm then moved to dismiss, arguing Walker failed to state a claim because it properly denied coverage under the insurance policy. The district court granted the motion, finding that the agreement's terms are unambiguous, and plainly require that Spivey must use the property as his residence for it to be covered under the policy—something Walker does not allege but expressly disclaims in his complaint. Because Spivey did not reside at the property at the time of the accident, the property was not an "insured location." Walker timely appealed.

## II.

We review a Federal Rule of Civil Procedure 12(b)(6) dismissal de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Robbins v. Garrison Prop. & Cas. Ins.*, 809 F.3d 583, 585 (11th Cir. 2015). The interpretation of an insurance contract is a "pure question of law," which we review de novo. *State Farm Mut. Auto. Ins. v. Spangler*, 64 F.4th 1173, 1178 (11th Cir. 2023); *see also* O.G.C.A. § 13-2-1.

## III.

On appeal, Walker argues that the court erred in finding that the policy did not cover residences that Spivey owned but rented to others. In his view, the definition of *"insured location"* includes Spivey's rental home, or at least is ambiguous as to whether Spivey must reside in the home for coverage to be effective.

Spivey's insurance policy is governed by Georgia state law. To interpret insurance policies under Georgia law, "[a]s with any contract, we first look to the text of the policy" itself. *Principle Sols. Grp., LLC v. Ironshore Indem., Inc.*, 944 F.3d 886, 890 (11th Cir. 2019). "Where the contractual language is explicit and unambiguous, the court's job is simply to apply the terms of the contract as written, regardless of whether doing so benefits the carrier or the insured." *Ga. Farm Bureau Mut. Ins. v. Smith*, 784 S.E.2d 422, 424 (Ga. 2016) (quotation marks omitted). This is so because Georgia law permits an insurance company to "fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others." *Schroeder v. Ga. Farm Bureau Mut. Ins.*, 439 S.E.2d 18, 20 (Ga. Ct. App. 1993) (quotation marks omitted and alterations adopted).

Unless the policy indicates otherwise, the Georgia Supreme Court generally accepts "that contractual terms carry their ordinary meanings." *Lafarge Bldg. Materials, Inc. v. Thompson*, 763 S.E.2d 444, 446 (Ga. 2014) (citing O.G.C.A. § 13-2-2(2)). "The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney." *State Farm Mut. Auto. Ins. v. Staton*, 685 S.E.2d 263, 265 (Ga. 2009).

"An insurance contract will be deemed ambiguous only if its terms are subject to more than one reasonable interpretation." *Id.* If a provision of an insurance contract is ambiguous, we move to the second step of applying Georgia's "rules of contract construction." *Hurst v. Grange Mut. Cas. Co.*, 470 S.E.2d 659, 663 (Ga. 1996).

Relevant here, "[t]he construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." O.G.C.A. § 13-2-2(4).

Finally, insurance contracts "are to be read in accordance with the reasonable expectations of the insured where possible." *Boardman Petroleum, Inc. v. Federated Mut. Ins.*, 498 S.E.2d 492, 494 (Ga. 1998). If "the phrasing of an insurance policy is so confusing that an average person could not make out the boundaries of the coverage," any ambiguities are construed against the insurer. *Tifton Mach. Works, Inc. v. Colony Ins.*, 480 S.E.2d 37, 39 (Ga. Ct. App. 1996) (quotation marks omitted). But "the rule of liberal construction of an insurance policy cannot be used to create an ambiguity where none, in fact, exists*." Staton*, 685 S.E.2d at 266.

Georgia law permits an insurer to require that the insured reside at the insured premises to maintain coverage under the policy. *See Varsalona v. Auto-Owners Ins.*, 637 S.E.2d 64, 67 (Ga. Ct. App. 2006) (citing *Roland v. Ga. Farm Bureau Mut., Ins.*, 462 S.E.2d 623 (Ga. 1995)). And the Georgia Court of Appeals[3] has consistently construed near identical policy language as requiring the named insured reside at the "insured location" or "residence premises." *See,*

---

[3] As a federal court sitting in diversity and applying Georgia contract law, if the state's highest court has not spoken to an issue, we "must adhere to the decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1290 (11th Cir. 2001) (quotation marks omitted).

24-12459                Opinion of the Court                7

*e.g.*, *Ga. Farm Bureau Mut. Ins. v. Kephart*, 439 S.E.2d 682, 684 (Ga. Ct. App 1993).

In *Epps v. Nicholson*, the court found that an identical definition of "residence premises" unambiguously contained two requirements for coverage: (1) "the dwelling must be the place where the insured resides," and (2) "the dwelling must be shown as the 'residence premises' in the Declarations." 370 S.E.2d 13, 14 (Ga. Ct. App. 1988).[4] As the named insured did not live at her rental property, the court held the insurer correctly denied coverage because the rental property could not be the "residence premises." *Id.*

In *McCullough v. Reyes*, the Georgia Court of Appeals found the same definition of "insured location" in a State Farm homeowners' policy did not include a house located on the named insured couple's property, that they rented to their family members. 651 S.E.2d 810, 816 (Ga. Ct. App. 2007). The court found the argument to the contrary "without merit," because the terms "you" and "your" in the policy refer to the "named insured" shown in the policy declarations. *Id.* at 814–16. Accordingly, the definition of "insured location" was unambiguously limited to places the named insured used as a residence. *Id.* at 816.

---

[4] *But see Hill v. Nationwide Mut. Fire Ins.*, 448 S.E.2d 747 (Ga. Ct. App. 1994). In *Hill*, the policy defined "residence premises" as "the one- or two-family dwelling, other structures and grounds; or that part of any other building where you live, shown as the residence premises on the Declarations." *Id.* at 748–49. The court distinguished *Epps*, where the policy included the word "and," from the policy before it, which used the word "or." *Id.*

Here, the relevant portion of the policy defines the *insured location* as (1) "the *residence premises*" and (2) "the part of any other premises, other structures, and grounds used by *you* as a residence." Spivey's Northerly Way rental home cannot be the *"residence premises,"* as this language plainly and unambiguously imposes two requirements for coverage: the dwelling must be where the insured resides and must be the location indicated on the Declarations page. *See, e.g., Epps*, 370 S.E.2d at 14. The Northerly Way house meets the second requirement because it is listed in the declarations, but it does not meet the first. The Amended Complaint confirms that Spivey, the named insured, did not reside at the property.

Walker tries to escape this conclusion by pointing to the second possible "insured location," specifically "the part of any other premises, other structures, and grounds used by you as a residence." In essence, Walker argues this clause includes premises that Spivey used as *a* residence (to rent to others), even though he did not use the premises as *his* residence. This alone is not enough to "create an ambiguity where none, in fact, exists." *Staton*, 685 S.E.2d at 265–66. Instead, Walker's reading of the contract, "ignores the whole for an overly strict consideration of each part standing alone." *Edwards v. Atl. Ins.*, 417 S.E.2d 410, 412 (Ga. Ct. App. 1992).

We agree with the district court that nothing in the policy suggests to an "average person" that it covers locations he owns but rents to others without residing there himself. Read in its entirety, the definition explains it covers properties used *by the insured*

as a residence, including "premises, structures, and grounds *you* acquire while this policy is in effect for *your* use as a residence." The rest of the policy is clear that it is unambiguously limited to places the *named insured* (Spivey) uses as a residence, not that they rent to others to use as a residence. If a home on the insured couple's property that their family members used as "a residence" could not be an "insured location" under an identical definition in *McCullough*, we too are "reluctant" to force Walker's broad interpretation on the policy language. 651 S.E.2d at 814–16. Instead, the unambiguous terms of the policy "must be given full effect." *Grain Dealers Mut. Ins. v. Pat's Rentals, Inc.*, 505 S.E.2d 729, 730 (Ga. Ct. App. 1998).

As Walker fails to state a breach of contract claim, based on the plain language of the policy and the allegations in his complaint, the district court's dismissal is **AFFIRMED.**